**Frederick L. HORTON, Plaintiff,**

v.

**ACHIEVEMENT SERVICES FOR NORTHEAST KANSAS, INC., Defendant.**

Civil Action No. 95–2345–JWL.

United States District Court, D. Kansas.

Dec. 13, 1996.

Charles D. Lawhorn, Lawhorn, Simpson & Polsley, Shawnee Mission, KS, for plaintiff Frederick L. Horton.

Larry R. Mears, John William Fresh Jr., Larry R. Mears, Chartered, Atchison, KS, for defendant Achievement Services for Northeast Kansas, Inc.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

On July 26, 1995, Mr. Frederick L. Horton filed his complaint pro se against Achievement Services for Northeast Kansas, Inc., alleging racial discrimination. Mr. Horton applied for the appointment of counsel due to his financial status and, subsequently, Charles D. Lawhorn was appointed to represent him by United States Magistrate Judge Gerald L. Rushfelt. After discovery had been conducted and various motions processed, the parties settled the case and on October 30, 1996, an order dismissing the case with prejudice was filed.

In connection with the winding up of the case, plaintiff's court appointed counsel applied for the reimbursement of out-of-pocket expenses pursuant to D.Kan. Rules 83.5.3.1 and 83.5.3(e)(2). In pertinent part, those rules provide as follows:

In those civil cases ... where a judge appoints counsel to represent a party, reimbursement of out-of-pocket expenses may be made pursuant to D.Kan. Rule 83.5.3(e)(2).

(e) Disbursements from the Bar Registration and Disciplinary Fund shall be made only for the following purposes:

... (2) to reimburse counsel who accept appointments by the court to represent indigent parties in civil case for their actual out-of-pocket expenditures which counsel are compelled to incur, which the client is not able to pay, and which are not otherwise recoverable in the action. Allowable expenses my include items set out in 28 U.S.C. § 1920, fees for expert witnesses and other extraordinary expenses which are approved in advance by the court. Such approval may be obtained from the court *ex parte*. Reimbursement shall not include general office overhead or items and services of personal nature. Reimbursement may be obtained by making application for approval of such reimbursement to the judge or magistrate judge assigned to the case on forms supplied by the clerk, setting out in detail the expense incurred, and the justification for such ex-

pense. The clerk shall reimburse counsel in such amount as is approved by the judge or magistrate judge. Authorization to approve reimbursement of expenses exceeding $1,000.00 must also be approved by the chief judge.

■ The rule permitting reimbursement of certain litigation expenses from the Bar Registration Fund resulted from suggestions made by the court's bench/bar committee on June 3, 1994 and ultimately approved by the court in February of 1995. This rule, however, did not go into effect until October 1 of 1995. The purpose of the rule is to attempt to lighten the burden placed on those lawyers who are willing to assume the public service of representation of indigent plaintiffs in cases in which the court deems it appropriate to appoint counsel to assist an individual who is seeking, for example, to press federal civil rights or anti-discrimination claims and it deems that the public interest is served by affording such individuals the assistance of counsel when they are otherwise unable to retain a lawyer. In the past, lawyers who were willing to accept these cases did so fully assuming the risk that they would only recover reimbursement for their litigation expenses, let alone for their time and advice, by being a successful party, thereby entitled to an award of attorney fees. Because it appeared to the court that in many of these instances the individual bringing the case had been unable to obtain a lawyer at least in part because of a perceived unlikelihood of success on the merits of the case, appointment by the court was often rewarded only by the personal sense of having carried out a public service. The court believed that providing an alternative basis for a lawyer to recoup his or her out-of-pocket expenses would serve the cause of justice even in those cases where the lawsuit, itself, turned out to be unsuccessful.

■ The purpose of the rule permitting reimbursement from the Bar Registration Fund, however, was not to provide an additional source for recovery of expenses in cases in which the plaintiff was successful, in whole or in part. For example, it is clear that a plaintiff who settles a case can qualify as a prevailing party for the purposes of taxation of costs under Fed.R.Civ.P. 54(d) and reimbursement of attorney fees under 42 U.S.C. § 1988; *Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 572–74, 121 L.Ed.2d 494 (1992). Thus, it was not the court's intention in promulgating the rule to provide an opportunity for a settling plaintiff to recover expenses which would otherwise be potentially recoverable under Rule 54(d) or Section 1988. Where a settlement might be available, the court's thinking had been that the plaintiff would need to account for litigation costs and attorney fees through the settlement and if he or she bargained away the right to pursue a Rule 54(d) cost request or Section 1988 attorney fee claim at the end of the case, then there would be no additional recourse.

■ Applying the rule as the court intended it would result in Mr. Horton's attorney receiving no reimbursement for his expenses here. However, the court acknowledges that the rule may not be as clear on its face concerning the court's intentions as the court may have intended it to be and it did not come into effect until after counsel was appointed. Moreover, because the rule is so new and because this application is the first one to be processed at the Kansas City location of the District of Kansas, the undersigned, with the concurrence and approval of the chief judge, the Honorable G. Thomas Van Bebber, have concluded that the deposition expense costs incurred in the amount of $2,657.25, should be reimbursed. The court wishes to make clear, however, that this is a one time exception and that, in the future, counsel appointed to serve in these cases should be on notice that Rules 83.5.3.1 and 83.5.3(e)(2) must be carefully complied with in terms of advance approval being obtained and that they are not designed to supplement the availability of reimbursement for out-of-pocket expenses under Rule 54(d) or attorney fees under Section 1988. Moreover, the court is disallowing the other requests for expenses here as either being ones which are not allowable under 28 U.S.C. § 1920 nor ones for which advanced approval was obtained by the court. Such matters as routine copying expenses, expenses of paralegals and mileage simply have not been

within the contemplation of the court as recoverable from the Bar Registration Fund.

The clerk of the District Court is directed, with the approval of the chief judge, to pay to Charles D. Lawhorn the sum of $2,657.25 from the Bar Registration Fund as partial reimbursement of his out-of-pocket expenses for his appointment as counsel for the plaintiff in this case.

**IT IS SO ORDERED.**